IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

        Plaintiff,                    No. CIV S-06-2868 FCD EFB P

    vs.

CASTRO, et al.,

        Defendants.          ORDER

_____/

    Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* § 1983. On May 24, 2007, the court dismissed plaintiff's complaint with leave to amend within 30 days. Since that time plaintiff has filed a number of documents, but has not captioned any of them as an amended complaint. On June 28, 2007, plaintiff requested an extension of time to file an amended complaint, which the court granted on July 11, 2007. On July 13, 2007, plaintiff filed a document styled "request for emergency injunctive relief. On July 30, 2007, plaintiff filed a document styled "motion/request for injunctive relief." On August 6, 2007, plaintiff filed a document styled "motion for permanent injunctive relief." On August 16, 2007, plaintiff filed a document styled, "motion for judgment." On August 20, 2007, plaintiff requested a second extension of time to file an amended complaint. *See* Fed. R. Civ. P. 6(b). On August 23, 2007, plaintiff filed a notice of interlocutory appeal, in which it appears he seeks to

appeal the order dismissing his complaint with leave to amend. The court addresses each of these motions in turn.

A threshhold question is whether the pending appeal divests this court of jurisdiction over plaintiff's motions. Although it is not clear from plaintiff's notice of appeal, it appears that plaintiff appeals from the May 24, 2007, order dismissing the complaint with leave to amend, an order which has not yet resulted in a final judgment. An interlocutory appeal does not necessarily divest this court of jurisdiction over the remainder of the action. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (order denying qualified immunity is immediately appealable); *Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004); *see also Plotkin v. Pacific Tel and Tel. Co.,* 688 F.2d 1291, 1293 (9th Cir. 1982) (appeal from an interlocutory order does not divest trial court of jurisdiction to proceed on other phases of the action). Accordingly, the court will act on plaintiff's several filings.

The court has examined the documents filed July 13, July 30 and August 6, 2007, and finds that they are in fact amended complaints. A complaint contains a statement of the grounds upon which the court's jurisdiction depends, a statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Each of these documents contains a statement of the basis for the court's jurisdiction, a list of allegations against the defendants, and a demand for judgment for relief, including injunctive relief. Thus, these documents are complaints. The operative complaint is the one filed on August 6, 2007, and it supersedes all prior complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, the court will not rule on these documents as motions. Furthermore, the court finds that plaintiff has complied with the order to file an amended complaint. Therefore, there is no need to grant plaintiff a second extension of time to file an amended complaint.

Plaintiff's motion for judgment alleges that he has been denied access to the law library during lockdowns, which entitles him to "a new trial on the merits as a matter of law." The

1  reference to a new trial suggests that plaintiff is seeking reconsideration of a judgment under
2  Rule 60, Fed. R. Civ. P.  However, no defendant has been served and there has been no trial on
3  the merits, nor has judgment been entered.  Thus, this motion is denied.
4        Accordingly, it hereby is ORDERED that:
5        1. The "motion" plaintiff filed on August 6, 2007, is construed as the third amended
6  complaint, and supersedes all prior complaints.  The Clerk of the Court is directed to designate
7  this document as a "third amended complaint," and to terminate numbers 17 and 18 on the
8  docket;
9        2. Plaintiff's August 20, 2007, motion for an extension of time is denied as unnecessary;
10 and,
11       3. Plaintiff's August 16, 2007, "motion for judgment" is denied.
12 DATED: September 28, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE