IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

      Plaintiff,                   No. CIV S-06-2868 FCD EFB P

      vs.

CASTRO, et al.,

      Defendants.        ORDER

                              /

      Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On May 24, 2007, the court found that plaintiff's initial complaint failed to state a claim for relief, informed plaintiff of the complaint's deficiencies and dismissed the complaint with leave to amend. On August 6, 2007, plaintiff filed an amended complaint.

      The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an amended complaint.

      Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of

1

a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,

the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

In the amended complaint, plaintiff alleges that the warden of Kern Valley State Prison and the Attorney General of the State of California committed unspecified securities violations. He asserts that,

> Defendant violated the security act under the anti-fraud provision. Defendants done so by and while engaged in a course of conduct in the office and sale of securities, which constituted gross fraud and deceit upon investors. They [sic] done so while acting under the color of state laws or governmental policy, custom or usage in their official, personal and individual capacities.

Plaintiff also alleges that defendants have repeatedly changed plaintiff's housing location in an attempt to ensure plaintiff's safety, but plaintiff's life remains "in imminent danger," and subjected him to unhealthy and dangerous conditions of confinement because the prison is overcrowded.

To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's allegations concerning defendants' alleged violations of the securities laws are so vague that the court cannot discern whether plaintiff states a claim. His allegations about the conditions of his confinement fail to state a claim under any theory.

The allegations of the amended complaint appear to be wholly unrelated to those of the initial complaint. In the initial complaint, plaintiff alleged the following: (1) defendant Warden Castro exposed him to unsanitary air and polluted water; (2) defendant Deering took plaintiff's

1  boots and religious books; (3) Sgt. Arsell denied plaintiff a religious service upon breaking a
2  fast; (3) a dentist extracted tissues from plaintiff for sampling; (4) a defendant who's name is
3  illegible subjected plaintiff to an experimental medical procedure; (5) defendant Riola and
4  another, whose name is illegible, subjected to another experimental medical procedure; (6)
5  Correctional Officer Franklin opened plaintiff's legal mail outside plaintiff's presence; (7)
6  Hollister refused to give plaintiff his money.  As noted above, the court explained why these
7  allegations failed to state a claim.  Plaintiff is advised that the purpose of an amended complaint
8  is to cure the deficiencies of the earlier complaint, and not to attempt to bring an entirely
9  different set of claims.  Thus, the court has reviewed the amended complaint, but if plaintiff files
10 a fourth amended complaint that does not attempt to cure the deficiencies this court already has
11 identified, this action will be dismissed for failure to state a claim upon which relief can be
12 granted.

13      The court (and defendant) should be able to read and understand plaintiff's pleading
14 within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many
15 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
16 injury or joining a series of unrelated claims against many defendants very likely will result in
17 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
18 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

19      An amended complaint must be complete in itself without reference to any prior
20 pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff
21 files an amended complaint, the original pleading is superseded.

22      Plaintiff is admonished that by signing an amended complaint he certifies he has made
23 reasonable inquiry and has evidentiary support for his allegations and that for violation of this
24 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.
25 Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may
26 be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code

Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that the August 6, 2007, third amended complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "Fourth Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. Plaintiff again is advised that the purpose of an amended complaint is to cure the deficiencies of the earlier complaint, and not to attempt to bring an entirely different set of claims. If plaintiff files an amended complaint that does not attempt to cure the deficiencies this court already has identified, this action will be dismissed for failure to state a claim upon which relief can be granted. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: February 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE