1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10  JAMES E. SMITH,
11          Plaintiff,                    No. CIV S-06-2868 FCD EFB P
12      vs.
13  CASTRO, et al.,
                                          ORDER AND
14          Defendants.                   FINDINGS AND RECOMMENDATIONS
15  _____/

16      Plaintiff is a prisoner proceeding without counsel in an action under 42 U.S.C. § 1983.

17  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

18  § 636(b)(1).  Currently under consideration are plaintiff's June 2, 2008, motion to file an

19  amended complaint and second amended complaint.  For the reasons explained below, the

20  motion is denied as unnecessary.  Additionally, several claims must be dismissed for failure to

21  state a claim.  Finally, claims against defendant Hedgpeth will be ordered severed from this

22  action, and other claims dismissed with leave to amend.

23      Plaintiff commenced this action on November 13, 2006, when he filed his initial

24  complaint.  On May 24, 2007, the court reviewed that complaint and found that it failed to state a

25  claim for relief.  The Court informed plaintiff of the complaint's deficiencies and dismissed the

26  complaint with leave to amend.  On August 7, 2007, plaintiff filed a first amended complaint.

1  On February 11, 2008, the court reviewed that complaint, found that it failed to state a claim for

2  relief, explained the complaint's deficiencies and, again, dismissed the complaint with leave to

3  amend.  Thus, on June 2, 2008, plaintiff filed an amended complaint.

4      Because the court already granted plaintiff leave to file an amended complaint, he did not

5  need to seek leave to amend.  Thus, the motion to file an amended compliant is unnecessary.

6      The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A

7  and, for the following reasons, finds it fails to state a claim for relief.

8      Plaintiff sues various federal officials, such as the President and Congress.  He alleges

9  that the President and Congress violated the 13th Amendment "by forcing plaintiff to be a slave

10  and by taking all of plaintiff money, and other property."  Sec. Am. Compl., at 6.  He alleges that

11  the President "violated plaintiff's rights under the First Amendment by starting a war based on

12  fraud and by changing laws that protect citizens rights and liberties by initiating the Patriot Act

13  and denying plaintiff privileges and immunities afforded non-muslims."  Plaintiff does not allege

14  what particular acts violated these rights.  Furthermore, insofar as he intends to challenge the

15  constitutionality of the Patriot Act, the President is not a proper defendant.  *Franklin v.*

16  *Massachusetts*, 505 U.S. 788, 802-803 (1992).  These allegations fail to state a claim.

17      Plaintiff also alleges that an unnamed agent of the Internal Revenue Service violated his

18  rights "prior to attachment to his property by failing to notify plaintiff of the attachment," and

19  violated his right to express dissatisfaction with this country's tax laws.  Plaintiff does not allege

20  the property upon which a lien was imposed or the type of lien.  While the First Amendment

21  protects most speech, it is not at all clear how plaintiff expressed his dissatisfaction with the laws

22  or how the unnamed agent interfered with or suppressed that expression.  Thus, plaintiff fails to

23  state any claim for relief.

24      Plaintiff purports to sue a "Public Justice, City Sheriff, Municipal Officer and Police

25  Chief."  The applicable civil rights statute, 42 U.S.C. § 1983, creates a cause of action against

26  persons who, while acting under color of state law, violates a right federal right created by the

2

Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  There is no question that an individual may proceed with a civil rights action against a municipality upon the ground that a person with final policy making authority acted pursuant to an official policy or custom or failed to act based on a policy of inaction amounting to the knowing disregard of plaintiff's rights, resulting in injury to the plaintiff.  *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).  Plaintiff alleges that these municipal defendants violated his rights,

> by false arresting plaintiff by conspiracy to deprive plaintiff of his property without authority of law and without any reasonable or colorable cause, and the defendants conspired together maliciously and wilfully entered into a scheme to deprive plaintiff of his liberty contrary to law and based on a warrantless search and seizure, that congress acted outside its legislative role and acted male fide and with actual malic, and without any reasonable or probable cause and with knowledge of false statement made and held to be false under libel and slander acted outside the scope of its power."

Sec. Am. Compl., at 10. Not only does plaintiff fail to identify particular individuals, or even the municipality for which they work, but his rambling and conclusory allegations make it impossible to discern the factual basis upon which he seeks relief.

Elsewhere in the complaint, plaintiff claims that un unidentified clerk of court and court reporter violated his rights and harassed him for exercising his religion by "refusing to furnish plaintiff with a portion of state criminal trial transcripts."  The Equal Protection clause requires a state to provide an indigent defendant with a transcript of prior proceedings when necessary for a meaningful defense or appeal.  *See Gardner v. California*, 393 U.S. 367 (1969) (state habeas petitioner entitled to free transcript of trial court proceedings to prepare original writ in state appellate or supreme court); *Roberts v. LaVallee*, 389 U.S. 40 (1967) (indigent defendant entitled to free transcript of preliminary hearing for use at trial); *Griffin v. Illinois*, 351 U.S. 12 (1956) (indigent defendant entitled to trial transcript to prepare appeal).  However, once again the court cannot discern the factual basis of the claim or identify the particular persons who allegedly violated plaintiff's rights.

1    Plaintiff alleges that someone identified only as "Corporate Employee" violated his rights

2    under the Fourteenth Amendment by requiring him to give security for reasonable expenses,

3    including attorney's fees.  He alleges no facts based upon which it can be determined that an

4    employee in the private sector could be a state actor here for purposes of 42 U.S.C. § 1983.  *See*

5    *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) ("Action taken by a private individual

6    may be 'under color of state law' where there is 'significant' state involvement in the action.").

7    Plaintiff gives no suggestion of who he intends to sue or for what particular acts.  He therefore

8    fails to state a claim.

9    Turning to the defendants who are prison employees, the court again finds that plaintiff

10   states no cognizable claim for relief against those for whom the Sacramento Division of the

11   Eastern District of California is the proper venue.  He alleges the following: (1) Castro and

12   Deering refused plaintiff religious services and confiscated plaintiff's religious books; (2) Castro

13   denied plaintiff access to the law library thus preventing a meritorious complaint; and, (3)

14   Deering and Castro denied plaintiff the right to practice a central tenet of his religion.  To state a

15   claim that his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA),

16   a plaintiff must, at a minimum, allege that defendants have imposed a substantial burden on the

17   exercise of his religion.  42 U.S.C. § 2000cc-1.  To state a claim he was denied access to the

18   courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a

19   habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law

20   library or assistance from persons trained in the law, and that the deprivation actually injured his

21   habeas or section 1983 litigation efforts.  *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996).

22   The court notes that what makes or breaks a claim at the pleading stage is not the ability to

23   identify the applicable legal theory or theories for relief.  *See Alvarez v. Hill*, 518 F.3d 1152,

24   1157 (9th Cir. 2008) ("A complaint need not identify the statutory or constitutional source of the

25   claim raised in order to survive a motion to dismiss.").  Rather, "[n]otice pleading requires the

26   plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal

1  theories." *Id.* (emphasis in original).  Thus, the "[f]actual allegations must be enough to raise a

2  right to relief above the speculative level on the assumption that all the allegations in the

3  compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. __,

4  127 S.Ct. 1995, 1965 (2007) (citations omitted).  Here, plaintiff alleges the contours of claims,

5  but insufficient facts to suggest that he may in fact be entitled to relief.  Plaintiff may attempt to

6  cure these claims and only these claims against these defendants.

7       The court notes that defendant Hedgpeth is the Warden of Kern Valley State Prison.

8  Plaintiff claims that this defendant intercepted legal mail, denied necessary medical treatment

9  and exposed plaintiff to unsanitary food and to polluted water.  The court finds that these claims

10  must be severed.  The Federal Rules of Civil Procedure govern joinder:

11      (2) Defendants.  Persons . . . may be joined in one action as defendants if:

12      (A) any right to relief is asserted against them jointly, severally, or in the
        alternative with respect to or arising out of the same transaction, occurrence, or
13      series of transactions or occurrences; and

14      (B) any question of law or fact common to all defendants will arise in the action..

15  Fed. R. Civ. P. 20(A)(2).  The purpose of this rule is "to promote judicial economy, and reduce

16  inconvenience, delay and added expense."  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir.

17  1997).  This purpose is not served if a plaintiff's claims against different defendants "raise[]

18  potentially different issues, and must be viewed in a separate and individual light by the Court."

19  *Id.*, at 1351.  Here, plaintiff sues defendant Hedgpeth on the grounds that he was deliberately

20  indifferent to plaintiff's serious medical needs and violated his First Amendment right to receive

21  mail.  The court has outlined the claims against the other defendants, and finds that the theories

22  of relief are distinct.  Furthermore, the underlying facts (even though they are not alleged) must

23  have occurred at different prisons.  It appears that there is no common question of law or fact.

24  Therefore, the defendants have been misjoined.  The remedy for misjoinder is severance, as long

25  as it would not prejudice a substantial right.  Fed. R. Civ P. 21; *Coughlin*, 130 F.3d at 1351.

26  ////

1   Since there was no basis for joinder in the first place and plaintiff's allegations against defendant

2   Hedgpeth are vague, the court cannot discern any substantial right that might be violated upon

3   dismissal without prejudice.  Accordingly, plaintiff's claims against defendant Hedgpeth must be

4   dismissed without prejudice to plaintiff commencing suit in the Fresno Division of this court.

5          In the event plaintiff elects to file an amended complaint to cure the deficiencies in his

6   claims against Castro and Deering, he must follow the rules and precedent included in previous

7   orders.  The applicable law bears repeating:

8          Any amended complaint must show that the federal court has jurisdiction and that

9   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

10   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

11   defendant only persons who personally participated in a substantial way in depriving plaintiff of

12   a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

13   subjects another to the deprivation of a constitutional right if he does an act, participates in

14   another's act or omits to perform an act he is legally required to do that causes the alleged

15   deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

16   participants and allege their agreement to deprive him of a specific federal constitutional right.

17          In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

18   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

19   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

20   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

21          The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

22   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

23   heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

24   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

25   set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

26   *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

1  be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code

2  Regs. tit. 15, § 3005.

3        Accordingly, it is ORDERED that:

4        1.  Plaintiff's June 2, 2008, motion for leave to file an amended complaint is denied as

5  unnecessary.

6        2.  The June 2, 2008, complaint is dismissed with leave to amend.  Plaintiff has 20 days

7  from the date of this order to file an amended complaint to cure the deficiencies in his claims

8  against defendants Castro and Deering.  The court will not entertain new claims against new

9  defendants.

10        It further is RECOMMENDED that all of plaintiff's claims against the President,

11  Congress, the unnamed Internal Revenue Service Agent, "corporate employee," Public Justice,

12  City Sheriff, Municipal Officer, Police Chief, court clerk and court reporter be dismissed without

13  further leave to amend for plaintiff's failure to state a claim.  *See* 28 U.S.C. § 1915A; *see also*

14  *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without

15  counsel must be given leave to file amended complaint unless the court can rule out any

16  possibility that the plaintiff could state a claim).

17        These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after

19  being served with these findings and recommendations, any party may file written objections

20  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

21  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

22  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

23  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24  Dated:  October 28, 2008.

25

26  EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE